UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUODONG WU,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY et al.,

Respondents.

Case No. 1:26-cv-2674

Honorable Robert J. Jonker

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by an Immigration Court removing him to China, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on September 28, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF

No. 4.) Respondents filed their response on September 25, 2026.[1] (ECF No. 3.) Petitioner filed his reply on October 6, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a noncitizen who has been in ICE custody since July 7, 2026. (Pet., ECF No. 1, PageID.6.) On August 3, 2026, the Immigration Court ordered Petitioner's removal to China. (*Id.*) Petitioner states that he waived his right to appeal. (*Id.*); *see* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "216499037" for the A-Number, select "China" for the Nationality, and select Submit) (last visited Oct. 6, 2026) (indicating that no appeal was received by the Board of Immigration Appeals), (hereinafter, "Automated Case Information Website for Petitioner's Immigration Case").

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

As noted above, on August 3, 2026, the Immigration Court ordered that Petitioner be removed from the United States, and Petitioner waived appeal of the removal order. (Pet., ECF

[1] Respondents filed their response before the Court's Order to Show Cause was docketed. Upon review of the response, the Court concludes that the information in the response is sufficient to resolve the case and no further briefing from Respondents is required.

No. 1, PageID.6); *see* Automated Case Information Website for Petitioner's Immigration Case. Because Petitioner waived appeal of the Immigration Court's August 3, 2026 order, Petitioner's order of removal became administratively final on August 3, 2026, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for release.[2]

---

[2] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 8, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge